999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Dale WATROBA, Defendant-Appellant.
 No. 92-1968.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Lloyd Dale Watroba, appeals various evidentiary rulings made by the district court during his jury trial for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Defendant also appeals the district court's decision, following his conviction, to depart upward from the United States Sentencing Guidelines. Finally, he challenges the district court's decision to impose a fine which included the costs of his incarceration, pursuant to Sentencing Guidelines § 5E1.2(i). For the reasons that follow, we affirm defendant's conviction and sentence.
 
 I.
 
 2
 In June 1991, Michigan state police officers executed a search warrant at a home in Gibraltar, Michigan. Upon entering the home, they found defendant, his acquaintance Wanda Kibler, and several others. The occupants were ordered to lie face down on the floor while a search was conducted for drugs. Although no drugs were found, the officers discovered and photographed a sawed-off shotgun protruding from underneath a bed. Defendant said that he had taken the gun from an intoxicated friend, for safekeeping.
 
 II.
 
 3
 Defendant's first argument is that the district court erred in admitting the photographs of the shotgun because, contrary to a standing local order regarding discovery in criminal cases, defense counsel was not notified until after the jury had been empaneled that the government intended to introduce the photographs. He contends that the government's failure to provide timely notice prejudiced his right to question prospective jurors regarding the significance they might attach to such evidence.
 
 
 4
 We review evidentiary rulings of this nature for abuse of discretion. The district court recessed the trial for one day in order to afford defendant's counsel time to identify with specificity any prejudice he might have suffered as a result of the government's delay. He was unable to do so. Furthermore, the photographs merely corroborated anticipated testimony from police officers, the nature of which defendant had known for some time. Accordingly, the district court did not abuse its discretion in admitting the photographs.
 
 III.
 
 5
 Defendant next argues that the district court erroneously excluded Kibler's testimony that, as she was lying on the floor, she heard one of the police officers say to another in a "shocked" tone: "And you brought me into this?" Defendant contends that the exclusion of this testimony deprived him of his only proof that the police had a motive to lie.
 
 
 6
 The district court excluded the testimony as irrelevant and speculative. We agree that Kibler's inability to identify the officer who allegedly made the statement, and the guesswork necessarily required of the jury in plumbing the meaning of the statement, combined to warrant its exclusion.
 
 IV.
 
 7
 The final evidentiary challenge relates to the district court's decision to allow a redacted version of a letter purportedly written by defendant to be read into the record. The letter states that the unregistered shotgun belonged to defendant's father. Defendant argues that the letter is irrelevant because a violation of 26 U.S.C. § 5861(d) is predicated upon possession, and not ownership; an inadequate foundation was laid for admission of the letter; and the letter's probative value was substantially outweighed by its prejudicial effect.
 
 
 8
 We disagree. The letter was relevant to contradict defendant's earlier statement to police that he had taken the firearm from an intoxicated friend. In view of the broad discretion entrusted to the district court in balancing the probative value of evidence against the danger of undue prejudice, United States v. Vance, 871 F.2d 572, 576 (6th Cir.), cert. denied, 493 U.S. 933 (1989), we are unable to say that the district court erred in admitting the letter.
 
 V.
 
 9
 Defendant also challenges the sentence imposed by the district court. The presentence report calculated a sentence range of 57-71 months, based upon defendant's offense level of 18 and a Criminal History Category of VI. The district court decided to depart from the Sentencing Guidelines range and impose a sentence of 93 months. The presentence report listed numerous convictions which had not been counted due to their age, and noted that an upward departure might be warranted, since defendant's guideline sentence range would work out to 93-119 months, if those convictions were counted.
 
 
 10
 This court reviews the district court's upward departure under a three-step analysis:
 
 
 11
 First, we review de novo the circumstances relied upon by the district court in determining that the case is sufficiently unusual to warrant departure. Second, we examine for clear error whether the circumstances, if conceptually proper, actually exist in the case before the court. Third, we determine whether the direction and degree of departure is reasonable.
 
 
 12
 United States v. Bennett, 975 F.2d 305, 309 (6th Cir.1992).
 
 
 13
 The district court identified the extensive nature of defendant's previous criminal record and a high likelihood of recidivism as grounds for departure. In United States v. Christoph, 904 F.2d 1036, 1042 (6th Cir.1990), cert. denied, 498 U.S. 1041 (1991), this court permitted an upward departure based in part upon the defendant's history of serious criminal activity that was not factored into his criminal history score. Likewise, in Bennett, this court held that a defendant's unusually high likelihood of recidivism may warrant an upward departure. Bennett, 975 F.2d at 309. Although the guidelines can be said to have considered records of convictions and likelihood of recidivism as factors in sentencing, a departure is nevertheless warranted where those factors are present in a particular case to an unusual extent that was not contemplated by the Sentencing Commission when it promulgated the guidelines. Here, the sentencing judge clearly identified the extent to which these factors were present in this case but not contemplated by the guidelines. Consequently, the district court relied upon appropriate grounds in deciding to depart upward.
 
 
 14
 Because the facts underlying the departure are not in dispute, we need only consider the reasonableness of the departure. In determining defendant's sentence, the district court extrapolated to a hypothetical Criminal History Category, and then sentenced defendant to the minimum sentence in this hypothetical range. Given the circumstances, we cannot say that the departure was unreasonable.
 
 VI.
 
 15
 Finally, defendant argues that the district court erred in imposing a fine that included the costs of his incarceration. We are unable to find any indication in the record before us that defendant presented this argument to the district court. Therefore, we decline to consider it on appeal. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991).
 
 VII.
 
 16
 For the reasons stated, the judgments of conviction and sentence are affirmed.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation