UNITED STATES of America,
Plaintiff–Appellee,

v.

Lloyd D. WATROBA, Defendant–
Appellant.

No. 93–2600.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 19, 1995.

Decided May 25, 1995.

Robert E. Edick (argued and briefed), Dearborn, MI, for petitioner-appellant.

Patricia G. Blake (briefed) and Jennifer J. Peregord (argued), Office of the U.S. Atty., Detroit, MI, for respondent-appellee.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HOOD, District Judge.*

HOOD, District Judge.

The defendant, Lloyd D. Watroba, appeals the district court's denying his motion to vacate his sentence under 28 U.S.C. § 2255. He contends that the district court erred when it imposed the cost of his incarceration as a part of his fine pursuant to U.S.S.G. § 5E1.2(i). We affirm the district court.

### I.

The defendant, Lloyd D. Watroba [Watroba], was convicted of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d). On July 30, 1992, the district court sentenced Watroba to a period of ninety-three (93) months' imprisonment and three years' supervised release. In addition, Watroba was ordered to pay a fine of $50,000 plus the full costs of his imprisonment and supervised release, $1,492.00 per month and $115.30 per month respectively. Watroba filed a direct appeal to this Court, arguing in part that the district court erred by imposing the costs of imprisonment and supervised release as part of the fine component of his sentence. The earlier panel of this Court, in an unpublished *per curiam* decision, determined that Watroba waived his right to contest the fine regarding the cost of his imprisonment and supervised release because he failed to raise the issue at his sentencing. The Court affirmed the defendant's conviction and sentence. *United States v. Watroba*, No. 92–1968, slip op., 1993 WL 243824 (6th Cir. July 6, 1993), 1993 U.S.App. LEXIS 17685.

On October 8, 1993, Watroba filed a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255 asking the district court to set aside its requirement that he pay the

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

costs of his imprisonment and supervised release. The district court denied the motion on November 8, 1993, finding that Watroba had failed to establish or raise a good cause for his failure to raise the issue before the trial court. Subsequently, Watroba timely filed the instant appeal.

## II.

■ The United States contends that Watroba is precluded from bringing this collateral action because (1) a defendant may not bring a petition for habeas corpus under 28 U.S.C. § 2255 when he is not claiming the right to be released, but challenging the imposition of a fine, and (2) his failure to raise the issue before the district court resulted in a waiver of the claim for purposes of a § 2255 petition and Watroba has failed to establish good cause for his failure to object below or actual prejudice. *See United States v. Frady*, 456 U.S. 152, 162–66, 170–71, 102 S.Ct. 1584, 1591–93, 1595–96, 71 L.Ed.2d 816 (1982).

This Court agrees that Watroba is precluded from challenging the imposition of the cost of his imprisonment and supervised release in a § 2255 petition. The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences: "A prisoner in custody under sentence of a [federal] court claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. However, "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes.'" *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir.1994) (quoting *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir.1990)).[1]

Even if this Court had jurisdiction to consider Watroba's § 2255 petition, we, like the district court, find that Watroba has failed to establish either cause or prejudice for his failure to raise the issue before the trial court. Hence, the denial of his petition for writ of habeas corpus would be affirmed.

■ At oral argument, Watroba's counsel requested the Court to consider his appeal under Fed.R.Crim.P. 35(a), if relief under § 2255 was unavailable. This request cannot be granted for two reasons. First, the defendant failed to raise the Rule 35(a) issue in the district court and thus is precluded from doing so here. Second, the teachings of *United States v. Lopez*, 26 F.3d 512, 516–19 (5th Cir.1994), would not permit such relief, even if we were to consider the defendant's request.

## III.

For the foregoing reasons, we **AFFIRM** the defendant's sentence.

---

1. We note, as did the Fifth Circuit in *Segler*, that the defendant's release from federal custody is not conditioned on his payment of the fine. We do not reach the question of whether such a sentence would bring his fine-related claim within § 2255.