66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Val KING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3058.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 Before: KRUPANSKY, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Val King appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, a jury found King guilty of conspiracy to launder money in violation of 18 U.S.C. Sec. 371 and money laundering in violation of 18 U.S.C. Sec. 1956(a)(3). The district court sentenced King to 50 months of imprisonment and imposed a $25,000 fine. On appeal, this court affirmed King's conviction and sentence. United States v. Payne, 962 F.2d 1228 (6th Cir.), cert. denied, 113 S.Ct. 306 and 811 (1992).
 
 
 3
 King subsequently filed a motion to vacate sentence, alleging that: (1) the district court erred in determining that he was able to pay a fine; (2) the district court should have instructed the jury on the defenses of outrageous governmental misconduct and entrapment; (3) insufficient evidence existed to support his conviction; (4) the district court improperly calculated his guideline range; (5) the district court should have awarded him a reduction in his guideline range for acceptance of responsibility; and (6) he received ineffective assistance of counsel. The district court determined that his claims were without merit and denied the motion. King has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied King's motion to vacate. In order to obtain habeas relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under Sec. 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Initially, the court notes that, with the exception of King's ineffective assistance of counsel claim, King could have, but did not, raise his claims in his direct criminal appeal. Therefore, before he can obtain collateral review of these issues, he must show cause to excuse his failure to raise them previously and actual prejudice resulting from the alleged violations. Reed, 114 S.Ct. at 2300. Even if we assume that he has shown cause, we conclude that he has not shown actual prejudice because, as noted below, his claims are without merit.
 
 
 6
 King may not challenge the imposition of his fine in a motion to vacate sentence under Sec. 2255. United States v. Watroba, 56 F.3d 28, 29 (6th Cir.1995). King was not entitled to jury instructions on the defenses of outrageous governmental misconduct or entrapment because this court determined on direct appeal that King was not the victim of outrageous governmental misconduct and that he was predisposed to commit the crime. Payne, 962 F.2d at 1231-32. This court determined on direct criminal appeal that sufficient evidence existed to support King's conviction and he has not shown highly exceptional circumstances permitting reconsideration of this issue. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). King has abandoned his claim that the district court improperly computed his total offense level because he does not raise this issue on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). King has not met his burden of proving his acceptance of responsibility by a preponderance of the evidence. United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993). Lastly, King did not receive ineffective assistance of counsel because he was not prejudiced by any allegedly deficient performance by his counsel in not previously raising the above noted issues. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.