103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Dale WATROBA, Defendant-Appellant.
 No. 96-1245.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Lloyd Dale Watroba appeals a district court order disbursing funds for the payment of a fine previously imposed upon Watroba. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury convicted Watroba of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). The district court sentenced Watroba to 93 months of imprisonment, imposed a $50,000 fine, and ordered Watroba to pay the costs of his imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Watroba, No. 92-1968, 1993 WL 243824 (6th Cir. July 6, 1993), cert. denied, 510 U.S. 1122 (1994).
 
 
 3
 In 1993, Watroba filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 challenging the district court's imposition of the fine. The district court denied the motion and this court affirmed that determination on appeal. United States v. Watroba, 56 F.3d 28 (6th Cir.), cert. denied, 116 S.Ct. 269 (1995).
 
 
 4
 In 1995, Watroba inherited $92,423.64 from the estate of his deceased mother. Pursuant to an outstanding writ of garnishment, these funds were deposited with the district court's clerk. In January 1996, the government moved the district court for an order disbursing these funds to the government in partial payment of Watroba's fine and costs of imprisonment. The district court subsequently granted the government's motion. Watroba filed a motion for reconsideration, which the district court denied. Watroba filed a timely appeal, in which he requests permission to proceed in forma pauperis.
 
 
 5
 Upon review, we conclude that the district court properly ordered the disbursement of the funds for partial satisfaction of Watroba's fine and costs of imprisonment. While Watroba argues that the district court improperly imposed the fine, this court determined in Watroba's direct appeal that he waived consideration of this claim by not raising it at the time of his sentencing. Further, this court subsequently determined that any challenge to the fine was ultimately without merit. Watroba, 56 F.3d at 29. Watroba also filed several other challenges to the imposition of the fine and the garnishment of the funds, all of which the district court denied. Since the government's current motion for disbursement of funds is a continuation of Watroba's criminal case, the prior determination that the fine was properly imposed is the law of the case and Watroba has not demonstrated an exceptional circumstance requiring that the issue be re-examined. United States v. Moored, 38 F.3d 1419, 1421-22 (6th Cir.1994).
 
 
 6
 Accordingly, this court grants Watroba in forma pauperis status for the limited purpose of review on appeal and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.