103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isaac OGUGUO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1472.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD*, Circuit Judges.
 
 ORDER
 
 1
 Isaac Oguguo appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, a jury convicted Oguguo of five counts of credit card fraud in violation of 18 U.S.C. § 1029(a)(2). The district court sentenced Oguguo to eighteen months of imprisonment and three years of supervised release and ordered Oguguo to pay restitution in the amount of $34,587. On appeal, this court affirmed his conviction and sentence. United States v. Oguguo, No. 94-1578, 1995 WL 355688 (6th Cir. June 13, 1995) (unpublished per curiam), cert. denied, 116 S.Ct. 580 (1995).
 
 
 3
 In 1996, Oguguo filed a motion to vacate sentence alleging that: 1) he received ineffective assistance of counsel; 2) the district court improperly ordered him to pay restitution; 3) the district court improperly calculated his Sentencing Guideline range; and 4) his conviction was the result of prosecutorial misconduct. Oguguo filed a separate motion requesting the district court to recuse itself because of alleged bias against him. The district court denied both motions as meritless. Oguguo has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Oguguo's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, ----, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's conviction. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 We initially note that Oguguo does not challenge on appeal the district court's denial of his motion for recusal. Consequently, any challenge to this decision is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 With the exception of his ineffective assistance of counsel claim, Oguguo is barred from seeking relief on his claims because he did not raise them in his direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Oguguo demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Oguguo has not argued cause for failing to raise these claims in his direct criminal appeal.
 
 
 7
 He also suffered no prejudice because his claims are without merit. Oguguo's challenge to the district court's restitution order is not cognizable in his motion to vacate because this argument does not claim a right to be released from imprisonment. Cf. United States v. Watroba, 56 F.3d 28, 29 (6th Cir.), cert. denied, 116 S.Ct. 269 (1995) (imposition of fine may not be challenged in § 2255 motion). The district court properly calculated Oguguo's Sentencing Guideline range. Further, no prosecutorial misconduct so egregious as to deny Oguguo a fundamentally fair trial occurred. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974).
 
 
 8
 While Oguguo's ineffective assistance of counsel claim is properly raised in his motion to vacate, see United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995), the claim is without merit because the record does not reflect that he was prejudiced by his counsel's allegedly deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation