107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jyoti A. SHAH, Defendant-Appellant.
 No. 96-1522.
 United States Court of Appeals, Sixth Circuit.
 Feb. 07, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Jyoti A. Shah appeals a district court order denying her motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Shah entered a nolo contendere plea to aiding and abetting the delivery and disclosure of false information to the Internal Revenue Service in violation of 26 U.S.C. § 7207. The district court sentenced Shah to two years of probation and imposed a $50,000 fine and a $25.00 special assessment. On appeal, this court affirmed her conviction and sentence. United States v. Shah, Nos. 95-1194, etc., 1995 WL 641287 (6th Cir. Oct. 31, 1995) (unpublished per curiam).
 
 
 3
 In 1996, Shah filed her motion to vacate sentence, raising numerous challenges to the district court's imposition of the fine and also alleging that the district court had improperly sentenced her to a two year term of probation. The court denied her motion as meritless. In her timely appeal, Shah requests permission to proceed in forma pauperis.
 
 
 4
 Upon review, we conclude that the district court properly denied Shah's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, ---, 114 S.Ct. 2291, 2297 (1994).
 
 
 5
 We initially note that Shah does not raise on appeal her claim regarding the imposition of probation. Consequently, this claim is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Additionally, Shah argues for the first time on appeal that a factual basis does not exist to support her guilty plea and that she is innocent of the crime. Since Shah did not raise these issues in the first instance in the district court, this court will not consider them on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Shah's challenges to the imposition of her fine are either precluded or not properly raised in a § 2255 motion. This court determined on direct appeal that the district court had properly fined Shah. To the extent that Shah is raising the same claims as she presented in her direct appeal, a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal, absent highly exceptional circumstances. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). No exceptional circumstances are present in this case. To the extent that Shah is raising new challenges to the imposition of the fine, she may not challenge the imposition of a fine in a § 2255 motion because the fine is not a sufficient restraint on liberty to meet the "in custody" requirement for § 2255 purposes. United States v. Watroba, 56 F.3d 28, 29 (6th Cir.), cert. denied, 116 S.Ct. 269 (1995).
 
 
 7
 Accordingly, this court grants Shah in forma pauperis status for the limited purpose of review on appeal and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.