107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce L. DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3511.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Bruce L. Davis appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Davis pleaded guilty to possession of stolen bank money in violation of 18 U.S.C. § 2113(c) and misprision of a felony in violation of 18 U.S.C. § 4. The district court sentenced Davis to thirty-three months of imprisonment and three years of supervised release and ordered him to pay $855 in restitution. Davis did not appeal his conviction or sentence.
 
 
 4
 In 1995, Davis filed his motion to vacate sentence, alleging that: 1) he did not knowingly and voluntarily enter his guilty plea; 2) his counsel rendered ineffective assistance; 3) the district court improperly ordered him to pay restitution; 4) the district court improperly enhanced his Sentencing Guideline range for more than minimal planning; 5) the district court should have awarded him a downward adjustment in his guideline range for a mitigating role in the offense; and 6) the prosecution did not disclose certain evidence to him. The district court concluded that his claims were without merit and denied the motion. Davis has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Davis's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, ----, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Davis does not argue on appeal that he did not knowingly and voluntarily enter his guilty plea. Consequently, this claim is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Further, Davis argues for the first time on appeal that the district court improperly increased his guideline range for taking funds from a financial institution and that the court should have awarded him a further reduction for acceptance of responsibility. Since Davis did not raise these claims in the district court, this court will not consider them in the first instance on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 With the exception of his ineffective assistance of counsel claim, Davis is barred from seeking relief on his claims because he did not raise them in a direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255, unless Davis demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Davis argues that cause exists because his counsel did not file a direct criminal appeal. Even if Davis has demonstrated cause, he suffered no prejudice because his claims are without merit. Davis's argument that the district court improperly ordered him to pay restitution is not cognizable in his motion to vacate. Cf. United States v. Watroba, 56 F.3d 28, 29 (6th Cir.) (imposition of fine may not be challenged in § 2255 motion), cert. denied, 116 S.Ct. 269 (1995). The record reveals that Davis was not subject to a two point sentence enhancement under USSG § 2B1.1(b)(4). The district court's determination that Davis was not entitled to a reduction for a mitigating role in the offense was not clearly erroneous. United States v. Alexander, 59 F.3d 36, 38 (6th Cir.1995). Lastly, Davis has not demonstrated that the government failed to provide him with all evidence in its possession required under Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 8
 While Davis's ineffective assistance of counsel claim is properly raised in his § 2255 motion, United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994), his claim is without merit because Davis has not shown that a reasonable probability exists that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 9
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation