Brett Nesin, Stockton, California, for the defendant-appellant.

Stephen H. Jigger, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

### UNITED STATES of America, Plaintiff–Appellee,

v.

### Bernard Barney KRAMER, Defendant–Appellant.

### No. 98–16849.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 17, 1999.

Decided Nov. 4, 1999.

As Amended Nov. 18, 1999.

Before: CANBY and SILVERMAN, Circuit Judges, and SNYDER,[1] District Judge.

SILVERMAN, Circuit Judge:

We hold today that a defendant seeking relief under 28 U.S.C. § 2255 not only must *be* in custody, he also must *claim the right to be released* from custody. In this case, the defendant's § 2255 motion sought only vacatur of a restitution order, not his release from custody. Consequently, the district court ruled that § 2255 relief was not available to him, and denied the mo-

---

1. The Honorable Christina Snyder, United States District Judge for the Central District of California, sitting by designation.

tion. We agree with the district court, and affirm. We also decline to address the defendant's other claims of error because they were not included in the certificate of appealability issued by this court.

## I.

Pursuant to a plea agreement, the defendant pled guilty to one count of aiding and abetting ERISA fraud in violation of 18 U.S.C. § 1027. He was sentenced to twelve months imprisonment and three years of supervised release. He also was ordered to pay a $50 special assessment and restitution of $156,000. While serving his prison sentence, the defendant, through counsel, filed a "Motion Attacking Sentence of Restitution Imposed by Court" under 28 U.S.C. § 2255. Alleging that the court's restitution order violated his due process rights and right to effective assistance of counsel, the defendant's motion sought only to have the restitution portion of the judgment vacated. The motion did not attack the legality of the defendant's prison sentence or seek his release from custody.

The district court denied the motion, holding "that the statutory remedy embodied in 28 U.S.C. § 2255 is unavailable when the petitioner does not seek a release from custody."

## II.

We review de novo a district court's denial of a petition for writ of habeas corpus. *United States v. Cruz–Mendoza,* 147 F.3d 1069, 1071–72 (9th Cir.), *as amended,* 163 F.3d 1149 (9th Cir.1998).

■ 28 U.S.C. § 2255 provides:

A *prisoner in custody* under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which im-

posed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

By its clear terms, § 2555 is applicable only to prisoners in custody claiming the right to be released. This reading of the statute is shared by each of our sister circuits to have considered this issue—the First, Fifth, Sixth, Seventh, and Eleventh Circuits. Each has held that § 2255's language clearly and unambiguously limits its applicability to defendants seeking release from custody. It is not available to those, like the defendant, who challenge only fines or restitution orders. *See Smullen v. United States,* 94 F.3d 20, 25–26 (1st Cir. 1996) (holding that petitioner cannot challenge restitution order in § 2255 proceeding, stating "[w]e are not aware of any court of appeals that, having addressed this issue, has reached a contrary result"); *United States v. Segler,* 37 F.3d 1131, 1136 (5th Cir.1994) ("The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences. . . ."); *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir.1995) ("Watroba is precluded from challenging the imposition of the cost of his imprisonment and supervised release in a § 2255 petition."); *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir.1997) (holding that " § 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence"); *Blaik v. United States,* 161 F.3d 1341, 1343 (11th Cir.1998) ("[W]e hold that § 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who claim[ ] the right to be released' from custody.").

■ We agree with our sister circuits and join them in holding that by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order.

### III.

We do not address the several other claims of error the defendant attempted to raise in this appeal because those claims were not included in the certificate of appealability previously issued by this court. Furthermore, we decline to expand the certificate not to include the additional issues. *See* 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood,* 195 F.3d 1098 (9th Cir.1999) (per curiam). The district court's order denying the defendant's § 2255 motion is

AFFIRMED.