UNITED STATES of America,
Plaintiff–Appellee,

v.

Bernhard DOHRMANN, Defendant–
Appellant.

No. 00–10440.
D.C. No. CR–91–00673–FMS.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Jan. 31, 2002.

Appeal from the United States District Court for the Northern District of California, Fern M. Smith and Martin J. Jenkins, District Judges, Presiding.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM**

Bernhard Dohrmann appeals from the district court's denial of his pro se Motion to Modify Original November 1995 Sentence to Time Served; Emergency Motion for Stay of Execution of Original Sentence; and Motion for Court Appointed Legal Counsel. He argues that the $1,034,000 restitution obligation imposed with his 1995 contempt conviction violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the facts upon which the district court based its restitution order were not proved to a jury beyond a reasonable doubt. Dohrmann served twenty-seven months in prison and remains on supervised release, but he did not chal-

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

lenge the legality of his conviction or sentence in his motion.

We construe Dohrmann's motion as a petition for habeas corpus under 28 U.S.C. § 2241. We have jurisdiction to review the district court's denial of his motion under 28 U.S.C. §§ 1291 and 2253(a). Because it is not clear from the record that the district court had jurisdiction over Dohrmann's motion under § 2241, we vacate and remand to the district court so that it may consider whether it has jurisdiction and, if not, whether it would be in the interest of justice to transfer Dohrmann's petition to the custodial district, in which a § 2241 petition must be brought.

## I. PROPER AVENUE FOR RELIEF

 We construe Dohrmann's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, rather than as a petition under 28 U.S.C. § 2255, because the relief that Dohrmann requests—review of his restitution obligation only, not the legality of his conviction—is not available under even a procedurally proper § 2255 petition.[1] United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999) (holding that § 2255 relief "is not available to those, like the defendant, who challenge only fines or restitution orders"). Section 2241 relief, however, is available to petitioners who may not seek relief under § 2255 or in circumstances in which relief under § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255; see also Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam). Dohrmann also meets § 2241's jurisdictional requirement that he be "in custody," because he was on supervised release at the time that he filed his motion. Feldman v. Perrill, 902 F.2d 1445, 1449 (9th Cir.1990).

Thus, § 2241, not § 2255, is the appropriate avenue of relief. Cf. Montano–Figueroa v. Crabtree, 162 F.3d 548 (9th Cir. 1998) (per curiam) (allowing prisoners to use § 2241 to challenge the lawfulness of the method by which restitution is collected); see also Kramer, 195 F.3d at 1129 (relying on text in § 2255, which is not present in § 2241, in concluding that § 2255 requires that the prisoner not only be in custody, but that "he also must claim the right to be released from custody"). We have often construed petitions labeled as § 2255 motions either as petitions for habeas relief under § 2241 or as petitions for a writ of coram nobis if one of these other avenues is more appropriate. See, e.g., Tyler v. United States, 929 F.2d 451, 453 & n. 5 (9th Cir.1991) (lower court construed § 2255 motion as § 2241 petition because the latter was "the proper vehicle for obtaining judicial review of parole board decisions"). We see no reason not to do so here, especially because the petition was filed pro se, see, e.g., id. at 453; Dohrmann did not label his motion as a § 2255 petition; and it is not clear from the district court's order that the district court treated his motion as a § 2255 petition.

## II. JURISDICTION UNDER § 2241

 We nevertheless vacate the district court's order denying Dohrmann's petition because it is not clear from the record that the district court had jurisdiction under

---

1. We do not, therefore, discuss the procedural inadequacies of Dohrmann's petition under § 2255, including his failure to secure a certificate of appealability. See 28 U.S.C. § 2253(c). Because a certificate of appealability is not required to appeal the denial of a petition under § 2241, Forde v. United States

Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997), we deny as moot Dohrmann's Motion that Appellant's Pro Se Notice of Appeal Be Deemed an Application for Certificate of Appealability Pursuant to Fed. R.App. P. 22(b)(2).

§ 2241. Dohrmann may bring a § 2241 habeas petition only in the district court that has personal jurisdiction over his current custodian. *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992) (per curiam). Because Dohrmann was on supervised release when he filed his motion, the relevant custodian is his supervised release administrator. *Cf. Feldman,* 902 F.2d at 1450 ("The District of Arizona administers [petitioner's] current parole, therefore—convenient or not—it is in that district that petitioner must proceed.").

Neither the record nor the briefs clearly establish the location of Dohrmann's supervised release administrator. It is not uncommon for a district court to transfer jurisdiction of a person on supervised release to another district under 18 U.S.C. § 3605, especially if, as in this case, the defendant is permitted to reside in a different judicial district after his release from custody. *See, e.g., United States v. Lakatos,* 241 F.3d 690, 692 (9th Cir.2001); *Feldman,* 902 F.2d at 1450. It is therefore possible that Dohrmann's current custodian resides in the Northern District of Alabama, which encompasses Talladega, Alabama, where Dohrmann was incarcerated, and in which Dohrmann has apparently been living since his release from prison.

If Dohrmann's custodian is indeed located outside the Northern District of California, then the district court lacked jurisdiction to reach the merits of Dohrmann's claim. We therefore remand to the district court so that it may determine whether it has jurisdiction.

If the district court on remand determines that it does not have jurisdiction, then it should determine whether it would be in the interest of justice to transfer Dohrmann's petition to the court where he could properly have brought it in the first instance. Under 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall" transfer the action to any such court in which the action could have properly been brought "if it is in the interest of justice." 28 U.S.C. § 1631; *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir.1990).

Because we cannot determine whether the district court had jurisdiction, we do not reach the merits of Dohrmann's underlying *Apprendi* claim.

VACATED and REMANDED.