**Michael Jerry LANDI, Petitioner–**
**Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent–**
**Appellee.**

No. 01–15730.

D.C. No. CV–99–04301.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Michael Jerry Landi appeals pro se the district court's dismissal as untimely of his 28 U.S.C. § 2254 habeas petition challenging his guilty plea conviction for three counts of lewd conduct with a child by means of force in violation of Cal. Pen. Code § 288(b), with enhancements for prior convictions and kidnapping. We have jurisdiction pursuant to 28 U.S.C. § 2253. Since the relevant facts are not in dispute, we review de novo the issue of equitable tolling, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Landi contends he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period because his attorney delayed returning his case file and transcripts, severely impeding his ability to timely file his federal habeas petition.[1] Landi abandons his denial of access to the prison law library claim on appeal.[2]

Equitable tolling of AEDPA is appropriate only where extraordinary circumstances beyond a prisoner's control render it impossible to timely file a petition. *Calderon v. United States District Court (Beeler )*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States District Court (Kelly )*, 163 F.3d 530 (9th Cir.1998) (en banc). Landi's assertion of attorney negligence does not rise to the level of the "extraordinary circumstances" necessary for equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001) (stating neither miscalculation of the limitations period by defense counsel nor negligence in general constitute extraordinary circumstances sufficient to warrant equitable tolling).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Landi also raises a First Amendment violation based on his perceived inability to keep the materials himself. Because the district court did not grant a certificate of appealability on these issues, and Landi has not sought an expansion of the certificate of appealability, we decline to review it on appeal. *United States v. Kramer*, 195 F.3d 1129, 1131 (9th Cir.1999).

2. The district court granted a certificate of appealability on denial of law library access, but Landi maintains on appeal that he "has never claimed lack of law library access as a direct reason" for his untimely filing, and presents no argument supporting limited law library access. A bald assertion of lack of access to library materials does not automatically qualify as grounds for equitable tolling. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).