**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Odell FOX, Defendant–Appellant.**

**No. 01–35114.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided Aug. 1, 2002.

Before: BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Odell Fox appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his 84–month sentence imposed following a jury trial conviction for conspiracy to possess, with intent to distribute, cocaine base, in violation of 21 U.S.C. § 846. The district court granted a certificate of appealability as to whether Fox received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000), we affirm.

Fox contends that his appellate counsel was deficient because he failed to argue

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

that: (1) there was no evidence of a conspiracy to purchase crack; and (2) that even if a conspiracy existed, he abandoned the conspiracy before his co-conspirators purchased the drugs.[1]

To prevail on a claim of ineffective assistance of counsel Fox must demonstrate that his counsel's performance was deficient and that it prejudiced his defense. *See Pollard v. White,* 119 F.3d 1430, 1435 (9th Cir.1997). Although counsel did not specifically argue that there was insufficient evidence of a conspiracy on direct appeal, upon review of the evidence we concluded that a conspiracy to purchase crack existed and that Fox participated in that conspiracy. We also rejected Fox's contention that he withdrew from the conspiracy. Because Fox has not demonstrated how our conclusions would have been different but for counsel's alleged errors, he has failed to establish the requisite prejudice to prevail on a claim of ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating prejudice is established when a defendant shows there is "reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different."). Accordingly, we conclude that the district court's properly denied his § 2255 motion.[2]

**AFFIRMED.**

---

1. We decline to review the several other claims of error the appellant raises here because the district court did not grant a certificate of appealability on these issues. *See United States v. Kramer,* 195 F.3d 1129, 1131 (9th Cir.1999); *see also* 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood,* 195 F.3d 1098 (9th Cir.1999) (per curiam).

2. All outstanding motions are denied as moot.