Phillip M. YOUNT, Petitioner–Appellant,

v.

Thomas MADDOCK, Respondent–Appellee.

No. 00–17432.

D.C. No. CV–97–02007–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Philip M. Yount appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1990 convictions by jury trial for first degree murder, first degree burglary and first degree robbery. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Murtishaw v. Woodford,* 255 F.3d 926, 939 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1313, 152 L.Ed.2d 222 (2002), and we affirm.

Yount contends he received ineffective assistance of trial and appellate counsel because trial counsel failed to investigate DNA evidence and agreed to waive confidentiality of the results, and appellate counsel failed to raise this issue on direct appeal. In light of the strength of the evidence presented at trial and Yount's failure to show a reasonable likelihood that the DNA tests would have yielded exculpatory evidence, he cannot establish the requisite prejudice. *See United States v. Strickland,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also United States v. Birtle,* 792 F.2d 846, 847 (9th Cir.1986) (applying *Strickland* test to appellate counsel).

Yount next contends that the prosecutor committed misconduct by encouraging a state's witness to disclose that he had taken a polygraph test. Taking into account the trial court's two curative admonitions to the jury, the second of which was requested by defense counsel and emphasized the unreliability of polygraph testing, *see Francis v. Franklin,* 471 U.S. 307, 324 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) (presuming juries follow curative instructions), we conclude the misconduct did not render the trial "fundamentally unfair." *Darden v. Wainwright,* 477 U.S. 168, 183, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *see*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

also *Drayden v. White,* 232 F.3d 704, 713 (9th Cir.2000) (federal habeas relief for prosecutorial misconduct granted only where the "prosecutor's remarks 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' ").

Finally, we reject Yount's contention that the prosecution's plea agreement with a key witness deprived him of his right to a fair trial. *See United States v. Yarbrough,* 852 F.2d 1522, 1537–38 (9th Cir. 1988) (holding that a witness's plea agreement contingent upon his truthful testimony at trial does not violate due process).[1]

**AFFIRMED.**

---

1. We decline to review the other claims of error raised here because the district court did not grant a certificate of appealability on these issues. *See United States v. Kramer,* 195 F.3d 1129, 1131 (9th Cir.1999); *see also* 28 U.S.C. § 2253(c)(3); *Hiivala v. Wood,* 195 F.3d 1098 (9th Cir.1999) (per curiam).

