**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ridge SIOFELE, Defendant–Appellant.**

No. 01–16573.

D.C. Nos. CV–00–00748–ACK, CR–98–00608–ACK.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM[**]

Ridge Siofele appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion following his guilty-plea conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Siofele contends that his guilty plea was not knowing and voluntary because the government breached his plea agreement by disregarding the stipulation that it would not argue at sentencing that Siofele did not meet the five criteria for the safety valve specified in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). This contention lacks merit because the government complied with the plain language of the plea agreement. *See United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000) (stating that a court looks to and enforces the plain language of a plea agreement), *cert. denied,* —— U.S. ——, 122 S.Ct. 272, 151 L.Ed.2d 199 (2001).

Siofele appears to raise four claims of ineffective assistance of counsel on appeal. We do not address Siofele's contention, that counsel was ineffective for failing to investigate his prior traffic violations and inform him that he would not be eligible for the safety valve, because it was not properly presented to the district court in his section 2255 motion. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001). As for Siofele's remaining ineffective assistance of counsel claims, he has failed on appeal to support his conclusory allegations with facts or argument to demonstrate either deficient performance or prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (concluding that a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense).

Siofele's contention that 21 U.S.C. § 841 is unconstitutional is foreclosed by *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.) (en banc) (holding that section 841 is not facially unconstitutional), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Siofele's claim that the government failed to file an information pursuant to 21 U.S.C. § 851 lacks merit because a section 851 information would have been necessary only if the government had sought enhanced penalties under section 841(b) for a prior felony drug offense. Siofele's prior traffic violations were not subject to section 851 and were properly considered under the sentencing guidelines. *See* 21 U.S.C. §§ 851 and 841(b).[1]

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because a certificate of appealability was not granted on Siofele's contention that the district court judge was biased, we decline to consider it. *See* 28 U.S.C. § 2253(c); *United States v. Kramer,* 195 F.3d 1129, 1131 (9th Cir.1999). We do not address Siofele's remaining contentions because they are encompassed by his waiver of the right to collaterally attack his conviction and sentence in the plea agreement. *See Nunez,* 223 F.3d at 958.