**Alonzo L. TAYLOR, Petitioner—Appellant,**

v.

**Jim HAMLET, Respondents—Appellee.**

No. 03–15676.

D.C. No. CV–03–592–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.[*]

Decided Feb. 24, 2004.

Alonzo L. Taylor, #C-36592, pro se, CTF—Correctional Training Facility, Soledad, CA, Petitioner–Appellant.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM[**]

Alonzo L. Taylor, a California state prisoner, appeals pro se the dismissal of his habeas corpus petition, brought pursuant to 28 U.S.C. § 2254. He claims that the state trial court violated his right to due process by imposing, as part of his sentence following his nolo contendere plea to marijuana possession while in state prison, two restitution fines that were not part of his plea agreement and were imposed without a hearing on his ability to pay. He contends that the district court erred in dismissing this claim as non-cognizable under § 2254 because it did not challenge the validity or duration of his confinement. Insofar as Taylor challenges the imposition of restitution, this contention lacks merit because § 2254 provides that a federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and Taylor does not seek release from custody. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (interpreting 28 U.S.C. § 2255).

Taylor also contends that his plea was involuntary because he would not have entered it had he known that the trial court would impose restitution. *See Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir.1988) (defendant entitled to be informed of direct consequences of plea). The district court did not address this portion of his claim. Accordingly, we vacate the district court's judgment and remand for further proceedings.

**VACATED and REMANDED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.