

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2008

# Easton v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Easton v. Williamson" (2008). *2008 Decisions.* Paper 1473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-143                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3845
_____

MARC S. EASTON,

Appellant

v.

WARDEN TROY WILLIAMSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-1572)
District Judge:  Honorable John E. Jones, III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2008

Before:  SLOVITER, FISHER and HARDIMAN, CIRCUIT JUDGES.

(Filed: March 5, 2008)
_____

OPINION
_____

PER CURIAM

        Marc S. Easton appeals from the September 7, 2007 order of the United States

District Court for the Middle District of Pennsylvania dismissing his petition for writ of

habeas corpus under 28 U.S.C. § 2241.  For the reasons that follow, we will summarily affirm the order of the District Court.

Easton, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed his § 2241 petition in August 2007.  In it he states that, in 2000, he pleaded guilty to five counts of unarmed bank robbery in the U.S. District Court for the Northern District of Ohio.  That court sentenced him to a term of imprisonment of 160 months and restitution in the amount of $38,872, payments of which could be made at any time of imprisonment, but once out of prison, Easton would be required to pay not less than fifteen per cent of his gross monthly income to restitution.  Easton claims that the sentencing court violated the Mandatory Victims Restitution Act ("MVRA") by failing to structure the schedule of payments according to 18 U.S.C. § 3664(f)(2)(A)-(C).

On review of his habeas petition filed in the Middle District of Pennsylvania, the District Court concluded that Easton's claim was not cognizable under § 2241.  The court instead decided that the claim constituted an attack on his conviction and sentence which would be more appropriately raised in a motion under 28 U.S.C. § 2255, and it further found that Easton had not demonstrated that a motion under § 2255 would be an "inadequate or ineffective" remedy for relief under the circumstances.

Summary action is warranted when "no substantial question" is presented by the appeal.  See 3d Cir. LAR 27.4, I.O.P. 10.6; Cradle v. U.S. ex rel. Miner, 290 F.3d 536,

2

539 (3d Cir. 2002). After reviewing the record, we conclude that there is no substantial question presented by Easton's appeal and will summarily affirm.

We agree with the District Court insofar as it concluded that Easton's claim does not fall within the purview of § 2241, because he does not challenge the execution of his sentence, but rather, he challenges the failure of the sentencing court to follow the strictures of the MVRA. See, e.g., Coady v.Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (federal prisoners' claims involving execution of sentence are cognizable under § 2241). The District Court lacked jurisdiction to entertain the claim, and we will affirm on that basis.

We disagree with the District Court's conclusion that Easton must necessarily raise his claim in a motion under 28 U.S.C. § 2255. Ordinarily, challenges to a restitution order are not cognizable under § 2255. See United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases). But see Weinberger v. United States, 268 F.3d 346, 351 n.1 (6th Cir. 2001) (restitution order may be challenged in § 2255 based upon a meritorious ineffective assistance claim). We express no opinion as to whether Easton may challenge his restitution order through some other procedural mechanism in the sentencing court.

We will summarily affirm the order of the U.S. District Court for the Middle District of Pennsylvania.