**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Herman THIELE, Defendant–Appellant.**

**No. 01–15483.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Filed Dec. 24, 2002.

---

Kenneth Noel, Grand Junction, CO, for the defendant-appellant.

Mark N. Zanides, Assistant United States Attorney, Oakland, CA, for the plaintiff-appellee.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge.

Today we clarify our holding in *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999): 28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for others types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody. We affirm the district court.

### I. BACKGROUND

In 1996, a jury convicted Thiele of five counts of mail fraud in violation of 18 U.S.C. § 1341 and three counts of wire fraud in violation of 18 U.S.C. § 1343. The district court sentenced Thiele to 24 months incarceration, imposed three years of supervised release, and ordered Thiele to pay restitution of $1,088,000, for which he was jointly and severally liable with a co-defendant.

Thiele appealed his conviction, but did not challenge the restitution order. We affirmed the conviction and sentence. *United States v. Steiner*, 152 F.3d 931 (9th Cir.1998) (memorandum disposition), *cert.*

*denied,* 526 U.S. 1021, 119 S.Ct. 1259, 143 L.Ed.2d 355 (1999).

Thiele filed an amended § 2255 motion in district court challenging his conviction and the restitution order on the grounds of ineffective assistance of counsel. Thiele alleged that counsel was ineffective for failing to argue that Thiele would be unable to pay the amount ordered. The district court: (1) dismissed as meritless Thiele's claims attacking the conviction; (2) found that Thiele stated a cognizable claim of ineffective assistance of counsel at sentencing because counsel failed to argue for a reduction in restitution under 18 U.S.C. § 3664 premised on Thiele's inability to pay;[1] and (3) ordered the government to show cause why it should not grant relief and reduce restitution. Citing *Kramer,* the government responded that Thiele's restitution claim could not be raised in a § 2255 motion because, as to that claim, Thiele was only seeking relief from the restitution order, not release from custody. The district court agreed with the government and denied the motion. Thiele appeals only the denial of his request for relief from restitution. He has not appealed the denial of the claims in which he sought release from custody.

## II. JURISDICTION AND STANDARD OF REVIEW

■ We have jurisdiction pursuant to 28 U.S.C. §§ 2253, 2255. We review de novo the district court's denial of Thiele's 28 U.S.C. § 2255 motion. *United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir.2000).

## III. DISCUSSION

■ We agree with the district court that *Kramer* controls and that Thiele cannot collaterally attack his restitution order in a § 2255 motion. In *Kramer,* the defendant brought a § 2255 motion challenging a $156,000 restitution order on the grounds that the order violated his rights to due process and the effective assistance of counsel. *Kramer,* 195 F.3d at 1130. Consistent with all of our sister circuits, we held that "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order."[2] *Id.* (collecting

---

1. Because Thiele committed his offense prior to April 24, 1996, 18 U.S.C. § 3663 and 3664 applied to Thiele's restitution order and required that the court consider Thiele's financial resources, needs, and earning ability. 18 U.S.C. §§ 3664(a) (1995); *United States v. Baggett,* 125 F.3d 1319, 1322 (9th Cir.1997); *United States v. Newman,* 6 F.3d 623, 631 (9th Cir.1993). On April 24, 1996, § 3663A was added to the restitution statute, making an award of restitution mandatory without consideration of a defendant's economic situation for offenses including those committed by deceit or fraud. 18 U.S.C. § 3663A (2002).

2. Section 2255 provides in relevant part:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence ... If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
   28 U.S.C. § 2255 (emphasis added).

cases).[3]

 Thiele attempts to distinguish *Kramer* on the ground that Kramer *only* sought relief from restitution, while Thiele also brought other claims in which he did, indeed, seek release from custody. However, cognizable claims in a § 2255 motion do not run interference for non-cognizable claims. Claims seeking release from custody can be brought under § 2255; claims seeking other relief cannot. To determine whether a given claim is cognizable under § 2255, we focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion. *Kramer*, 195 F.3d at 1130; *see also Hatten*, 167 F.3d at 887;[4] *Smullen*, 94 F.3d at 25–6; *Segler*, 37 F.3d at 1137. Non-cognizable claims do not morph into cognizable ones by osmosis.

Nor does it matter that Thiele couched his restitution claim in terms of ineffective assistance of counsel. So did Kramer. *See Kramer*, 195 F.3d at 1130.

 Thiele also argues that because we considered the merits of a § 2255 restitution claim in *United States v. Parrott*, 992 F.2d 914, 915 (9th Cir.1992), the district court should have considered the merits of his restitution claim. In *Parrott*, we affirmed the district court's reduction in restitution in a § 2255 motion. *Id.* at 917–19. However, *Parrott* is not inconsistent with our holding because the issue of whether § 2255 may be used to collaterally attack an order of restitution simply was not addressed in *Parrott*.

AFFIRMED.

---

**3.** *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir.1999); *Blaik v. United States*, 161 F.3d 1341, 1342–43 (11th Cir.1998); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997); *Smullen v. United States*, 94 F.3d 20, 25–26 (1st Cir.1996); *United States v. Watroba*, 56 F.3d 28, 29 n. 1 (6th Cir.1995); *cf. United States v. Segler*, 37 F.3d 1131, 1136–37 (5th Cir.1994) (holding that a fine does not meet the in custody requirement for § 2255 purposes); *but see Weinberger v. United States*, 268 F.3d 346, 351 n. 1 (6th Cir.2001), *cert. dismissed*, 535 U.S. 967, 122 S.Ct. 1433, 152 L.Ed.2d 377 (2002) (clarifying that, although a restitution claim is not cognizable, an ineffective assistance of counsel claim regarding restitution is a cognizable § 2255 claim).

**4.** As the Fifth Circuit explained in *Hatten*:
Although we suggested as much in *United States v. Segler*, 37 F.3d 1131 (5th Cir.1994), we make plain today that complaints concerning restitution may not be addressed in § 2255 proceedings. In *Segler*, we concluded that " § 2255's limitation on who may seek release from federal custody also implies a limitation on the claims they may assert to obtain a release." Specifically, we held that the types of claims cognizable under § 2255 were limited to "claims relating to unlawful custody," not those relating "only to the imposition of a fine." This conclusion brings our circuit into alignment with the First Circuit, which recently held that a person on parole may not challenge the restitution portion of a sentence pursuant to § 2255. The district court did not have jurisdiction pursuant to § 2255 to issue its order.
*Hatten*, 167 F.3d at 887 (internal citations and footnotes omitted).