UNITED STATES of America, Plaintiff—Appellee,

v.

Randolph GEORGE, Defendant—Appellant.

No. 06–10275.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2007.

Filed March 30, 2007.

David L. Denier, Esq., Barbara J. Valliere, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Richard J. Sideman, Esq., Sideman and Bancroft, San Francisco, CA, for Defendant–Appellant.

Before: HUG, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Appellant Randolph George was convicted in federal court for filing false tax returns and failure to file a return. After sentencing, he appealed to the Ninth Circuit challenging his conviction and sentence. The Ninth Circuit affirmed his conviction but remanded to the district court to review the sentence in accordance with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. George*, 420 F.3d 991, 1002 (9th Cir.2005). Under *Ameline*, the remand focuses on "whether the sentence imposed would have been materially different had the district court known that the [U.S. Sentencing] Guidelines were advisory." *Ameline*, 409 F.3d at 1084. Judge Chesney concluded she would have imposed the same sentence. We hold that *United States v. Combs*, 470 F.3d 1294 (9th Cir.2006), applies, and affirm.

Because Judge Chesney determined she would have imposed the *same* sentence after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), our review is limited to "[w]hether the district judge properly understood the full scope of [her] discretion in a post-*Booker* world." *Combs*, 470 F.3d at 1297. During

_____

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

772

the *Ameline* remand hearing she stated, "The purpose is to determine at this time whether the court would impose or should impose a sentence in some significant way different from the sentence that was imposed earlier.... I think I made clear—if I need to say so—I want to make clear that I won't consider the guidelines calculations to be presumptive. The Guidelines are a factor...." We hold that Judge Chesney understood her discretionary powers under an advisory Guidelines system and hold that her decision to retain the original sentence was reasonable. *Combs,* 470 F.3d at 1297. **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided

