NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-15665 |
| Plaintiff - Appellee, | D.C. No. 3:01-cr-00326-MMC |
| v. | |
| RANDOLPH GEORGE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted August 31, 2010**
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Randolph George was indicted for willfully failing to report all of his

income for tax years 1991 and 1992, and for willfully failing to file any return at

all for tax year 1993. He was convicted and sentenced to fifteen months in prison,

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a year of supervised release, restitution of $70,000, and a special assessment of $125. He appealed his conviction and sentence. This court affirmed the conviction but ordered a limited remand under *U.S. v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). *See U.S. v. George*, 420 F.3d 991 (9th Cir. 2005). On remand, the same sentence was imposed, and this court affirmed in a second appeal. *See U.S. v. George*, 226 Fed. App'x 771 (9th Cir. 2007).

George filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence, arguing that he had received ineffective assistance of counsel at trial and at sentencing. The district court held that George had not been prejudiced and denied his motion. *See U.S. v. George*, 2009 WL 248372 (N.D. Cal. Jan. 30, 2009). The court granted a certificate of appealability as to George's sentencing challenge, but denied a certificate of appealability on the question whether George received ineffective assistance of counsel at trial. *See U.S. v. George*, 2009 WL 952049 (N.D. Cal. Apr. 7, 2009).

George now argues that (1) he was prejudiced by ineffective assistance of counsel at his sentencing, and (2) the certificate of appealability should be expanded to include his challenge to his convictions. We reject both contentions, and we affirm.

George entered prison on May 5, 2008. He was released from prison and began his one-year term of supervised release on June 10, 2009. Although the

district court had jurisdiction over George's § 2255 motion when he filed it, *see Hensley v. Mun. Ct.*, 411 U.S. 345 (1973), the termination of George's sentence, including the period of supervised release, has mooted his sentencing challenge on appeal. *See Lane v. Williams*, 455 U.S. 624, 631–34 (1982); *cf. U.S. v. Verdin*, 243 F.3d 1174, 1177–79 (9th Cir. 2001).[1]

George seeks an expanded certificate of appealability so that he may challenge his conviction, not just his sentence. If the court were to grant George such an expansion, his appeal would not be moot, since his convictions carry collateral consequences. *See Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968); *U.S. v. Hearst*, 638 F.2d 1190, 1192 n.1 (9th Cir. 1980).

"Where a district court has rejected the constitutional claims on the merits, the showing required [for a certificate of appealability to issue] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

George claims that his trial counsel should have interviewed and called as witnesses his accountants, Lisa Lubag and Orlando Antonini, and his tax lawyer,

---

[1] Although George's sentence also included restitution and a special assessment, a § 2255 motion may not be used to challenge these aspects of a sentence. *See U.S. v. Thiele*, 314 F.3d 399 (9th Cir. 2002); *U.S. v. Kramer*, 195 F.3d 1129 (9th Cir. 1999).

John Youngquist.  He contends that the involvement of these three individuals could have bolstered his defense of good-faith reliance upon tax advice.

In order for this defense to succeed, and for prejudice to be established under *Strickland v. Washington*, 466 U.S. 668 (1984), there must be some evidence of George's reliance on any such advice.  There is none.

With respect to counts 1 and 2 (willfully failing to report receivership income), George claims he was advised not to report his receivership income until the courts overseeing the receiverships had approved the fees.  Yet George did not report the receivership income even in the year when it *was* approved.  *See George*, 420 F.3d at 999.  In addition, George filed his 1991, 1992 and 1994 tax returns in October 1995, ten months *after* allegedly receiving advice from Antonini in January 1995.  George disputes none of these facts.

With respect to count 3 (willfully failing to file a 1993 tax return), George contends that Youngquist advised him not to file his 1993 return while the audit was proceeding, and further that he hired Lubag in 1995 to prepare his 1993 return. The problem is that George was charged with willfully failing to file his 1993 return by April 15, 1994 — before he purportedly received Youngquist's advice or hired Lubag.  *See* 26 U.S.C. § 7203 (defining the offense as willfully failing to file a return "at the time or times required by law or regulations"); *U.S. v. Conforte*, 624 F.2d 869, 877 (9th Cir. 1980).  Again, George does not dispute these facts.

George cannot show reliance on advice from Lubag, Antonini, or Younquist. He is, consequently, not entitled to a certificate of appealability as to his claim of ineffective assistance of counsel with respect to his conviction.

The judgment of the district court is **AFFIRMED**.

FILED

DEC 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

09-15665 USA v. George

**Rawlinson, Circuit Judge, concurring:**

I concur in the result.