MEMORANDUM **
Randolph George was indicted for willfully failing to report all of his income for tax years 1991 and 1992, and for willfully failing to file any return at all for tax year 1993. He was convicted and sentenced to fifteen months in prison, a year of supervised release, restitution of $70,000, and a special assessment of $125. He appealed his conviction and sentence. This court affirmed the conviction but ordered a limited remand under U.S. v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc). See U.S. v. George, 420 F.3d 991 (9th Cir.2005). On remand, the same sentence was imposed, and this court affirmed in a second appeal. See U.S. v. George, 226 Fed.Appx. 771 (9th Cir.2007).
*33 George filed a timely motion under 28 U.S.C. § 2255 to vacate his sentence, arguing that he had received ineffective assistance of counsel at trial and at sentencing. The district court held that George had not been prejudiced and denied his motion. See U.S. v. George, 2009 WL 248872 (N.D.Cal. Jan. 30, 2009). The court granted a certificate of appealability as to George’s sentencing challenge, but denied a certificate of appealability on the question whether George received ineffective assistance of counsel at trial. See U.S. v. George, 2009 WL 952049 (N.D.Cal. Apr. 7, 2009).
George now argues that (1) he was prejudiced by ineffective assistance of counsel at his sentencing, and (2) the certificate of appealability should be expanded to include his challenge to his convictions. We reject both contentions, and we affirm.
George entered prison on May 5, 2008. He was released from prison and began his one-year term of supervised release on June 10, 2009. Although the district court had jurisdiction over George’s § 2255 motion when he filed it, see Hensley v. Mun. Ct., 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), the termination of George’s sentence, including the period of supervised release, has mooted his sentencing challenge on appeal. See Lane v. Williams, 455 U.S. 624, 631-34, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); cf. U.S. v. Verdin, 243 F.3d 1174, 1177-79 (9th Cir.2001).[1]
George seeks an expanded certificate of appealability so that he may challenge his conviction, not just his sentence. If the court were to grant George such an expansion, his appeal would not be moot, since his convictions carry collateral consequences. See Carafas v. LaVallee, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); U.S. v. Hearst, 638 F.2d 1190, 1192 n. 1 (9th Cir.1980).
“Where a district court has rejected the constitutional claims on the merits, the showing required [for a certificate of appealability to issue] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court’s assessment of the constitutional claims debatable or wrong.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).
George claims that his trial counsel should have interviewed and called as witnesses his accountants, Lisa Lubag and Orlando Antonini, and his tax lawyer, John Youngquist. He contends that the involvement of these three individuals could have bolstered his defense of good-faith reliance upon tax advice.
In order for this defense to succeed, and for prejudice to be established under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there must be some evidence of George’s reliance on any such advice. There is none.
With respect to counts 1 and 2 (willfully failing to report receivership income), George claims he was advised not to report his receivership income until the courts overseeing the receiverships had approved the fees. Yet George did not report the receivership income even in the year when it ivas approved. See George, 420 F.3d at 999. In addition, George filed his 1991, 1992 and 1994 tax returns in October 1995, ten months after allegedly receiving advice from Antonini in January 1995. George disputes none of these facts.
*34 With respect to count 3 (willfully failing to file a 1993 tax return), George contends that Youngquist advised him not to file his 1993 return while the audit was proceeding, and further that he hired Lubag in 1995 to prepare his 1993 return. The problem is that George was charged with willfully failing to file his 1993 return by April 15, 1994 — before he purportedly received Youngquist’s advice or hired Lubag. See 26 U.S.C. § 7203 (defining the offense as willfully fading to file a return “at the time or times required by law or regulations”); U.S. v. Conforte, 624 F.2d 869, 877 (9th Cir.1980). Again, George does not dispute these facts.
George cannot show reliance on advice from Lubag, Antonini, or Youngquist. He is, consequently, not entitled to a certificate of appealability as to his claim of ineffective assistance of counsel with respect to his conviction.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although George’s sentence also included restitution and a special assessment, a § 2255 motion may not be used to challenge these aspects of a sentence. See U.S. v. Thiele, 314 F.3d 399 (9th Cir.2002); U.S. v. Kramer, 195 F.3d 1129 (9th Cir. 1999).