**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-15143 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-01401- PMP |
| v. | |
| CHRISTIAN FINZE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted February 15, 2011
San Francisco, California

Before:  SCHROEDER, THOMAS, Circuit Judges, and BENNETT, District
Judge.[**]

Defendant Christian Finze appeals the denial of his Motion Pursuant To 28

U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, District Judge for the Northern
District of Iowa, sitting by designation.

Custody. Finze, a German national, seeks relief from his sentence of 120 months and forfeiture of property, after his conviction by a jury on numerous charges.[1] These charges arose from his operation of an internet business that provided drugs, including drugs listed as controlled substances in the United States, from a pharmacy in Germany to individuals in the United States. Although Finze had pleaded guilty to a single count of conspiracy to distribute controlled substances, pursuant to a plea agreement, which would likely have resulted in a sentence less than half as long, he withdrew his guilty plea after he sought and received appointment of replacement counsel. He now contends that replacement counsel provided ineffective assistance with regard to withdrawal of his guilty plea, then mounted a legally untenable defense and otherwise performed deficiently at trial. The district court denied § 2255 relief on Finze's ineffective assistance of counsel

---

[1] Finze was convicted on all of the following charges: conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count 1); making and using a false writing to be issued to an agency of the United States in violation of 18 U.S.C. §§ 1001 and 2 (Counts 2 through 8); conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 9); conspiracy to import controlled substances in violation of 21 U.S.C. § 963 (Count 10); distribution of Schedule IV controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(2) and 18 U.S.C. § 2 (Count 11); distribution of Schedule III controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2 (Count 12); and money laundering in violation of 18 U.S.C. § 1957 (Counts 13 through 17). The Second Superseding Indictment also included forfeiture allegations pursuant to 21 U.S.C. § 853(a) and (p) and 18 U.S.C. § 982(a)(1) and (b)(1), as well as notice of various possible sentencing enhancements.

2

claims, but issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B) on all of them. We review the district court's denial of a § 2255 motion de novo. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). We affirm.

**1.** We consider first Finze's claim of ineffective assistance of his replacement counsel with respect to the withdrawal of his guilty plea and his contention that the district court should have held an additional evidentiary hearing on this claim. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must prove both deficient performance by counsel and prejudice to the petitioner, but the court need only consider one of these requirements, if it is dispositive of the claim. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 697 (1984); *Knowles v. Mirzayance*, ___ U.S. ___, 129 S. Ct. 1411, 1419 (2009).

The record shows that replacement counsel was not constitutionally deficient in advising Finze concerning withdrawing his guilty plea. First, replacement counsel discussed with Finze the dangers of withdrawing his plea and going to trial, including the possibility that the government would file a superseding indictment with additional charges carrying higher penalties and the pros and cons of going forward with sentencing. Second, replacement counsel met with Finze regarding the reasons that he wanted to withdraw his guilty plea; reviewed the

3

records, transcripts, and other documents in the case relating to the entry of Finze's guilty plea; researched the law regarding withdrawal of the guilty plea; reviewed discovery; and considered the likelihood of success at trial. Third, replacement counsel reasonably concluded that Finze was adamant about withdrawing his guilty plea, so that replacement counsel properly focused on whether there was a viable legal basis for withdrawing Finze's guilty plea. Finally, replacement counsel's motion to withdraw Finze's guilty plea and his argument at the hearing on that motion show that he had adequately prepared to address the grounds on which the motion to withdraw the guilty plea was actually premised.

To support his allegation that replacement counsel failed to advise him adequately concerning withdrawal of his guilty plea, Finze seizes on statements in replacement counsel's affidavit that counsel believed that the decision about whether or not to plead guilty is for the defendant, and that counsel did not complete all of the research relevant to Finze's possible trial defenses prior to filing the motion to withdraw Finze's guilty plea. However, neither statement demonstrates that replacement counsel performed deficiently. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (recognizing that the accused has the ultimate authority to decide whether to plead guilty); *see also Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 742 (2011) (urging caution in reviewing the performance of counsel at the

4

pretrial stage of the proceedings when neither the prosecution nor the defense may know with much certainty what course the case may take); *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 791 (2011) ("*Strickland* does not guarantee perfect representation, only a 'reasonably competent attorney.'" (quoting *Strickland*, 466 U.S. at 687 (internal quotation marks omitted)).

Finze also argues that replacement counsel's affidavit shows that he filed the motion to withdraw Finze's guilty plea after consultation with and at the direction of prior counsel. That argument mischaracterizes replacement counsel's explanation that Finze was adamant about withdrawing his guilty plea even after Finze had a long consultation with prior counsel, and is contrary to other record evidence that replacement counsel did do independent research and did consult with Finze prior to filing the motion to withdraw Finze's guilty plea. Thus, replacement counsel did not perform deficiently: he did not rely solely on prior counsel's assessment.

Assuming, without deciding, that replacement counsel gave deficient advice about the intent requirements of the charged offenses, we also consider whether Finze is required to prove prejudice and whether he could do so, if required. Finze cites to *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), to support his contention that he should not be required to show prejudice. However, *Gonzalez-*

5

*Lopez* is inapposite because that case dealt with a defendant's right to choose his lawyer. It did not deal with an ineffective assistance of counsel claim. In fact, the *Gonzalez-Lopez* Court was aware of the difference between the two types of claims and stated that "a violation of the Sixth Amendment right to *effective* representation is not 'complete' until the defendant is prejudiced." 548 U.S. at 147 (emphasis in the original) (citing *Strickland*, 466 U.S. at 685).

Finze has not shown the required prejudice from counsel's alleged deficiency with respect to advice about intent requirements. The record contradicts Finze's contention that such allegedly faulty legal advice caused him to withdraw his guilty plea. Rather, the transcripts of the proceedings relating to replacement of counsel and the motion to withdraw Finze's guilty plea conclusively show that Finze was determined to withdraw his guilty plea before replacement counsel was ever appointed on grounds that had nothing to do with replacement counsel's supposedly faulty advice about the intent requirements of the charged offenses. Thus, he cannot show that it is "reasonably" or "substantially" likely that he would not have withdrawn his guilty plea if replacement counsel had not allegedly improperly advised him on the intent elements of the charged offenses. *Richter*, ___ U.S. at ___, 131 S. Ct. at 791-92.

Regarding Finze's claims that the district court should have held an evidentiary hearing on this ineffective assistance of counsel claim, the district court did set a hearing on Finze's § 2255 motion, but Finze made no effort to call witnesses or to present any other evidence to support his claims at that hearing. No additional evidentiary hearing was required to resolve a conflict between Finze's conclusory allegations and counsel's affidavit concerning what advice, if any, replacement counsel gave Finze concerning withdrawal of his guilty plea or the effect of any advice about the law that replacement counsel gave Finze on his decision to withdraw his guilty plea. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (explaining that conclusory allegations do not warrant an evidentiary hearing on a § 2255 motion).

Additionally, the judge who resolved Finze's § 2255 motion also presided over a hearing on Finze's prior counsel's motion to withdraw and replacement counsel's motion to withdraw Finze's guilty plea, as well as the trial and Finze's sentencing. Because the issue was one of credibility, the judge had the discretion to forego a hearing on Finze's allegations and was entitled to rely on the record, supplemented with discovery and documentary evidence, and his own notes, recollections, and common sense. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989).

7

More importantly, as noted above, the record conclusively shows that Finze's determination to withdraw his guilty plea had nothing to do with replacement counsel's supposedly faulty advice about the intent requirements of the charged offenses. 28 U.S.C. § 2255(b) (explaining that no hearing is required if the record "conclusively show[s]" no entitlement to relief). Finze's present characterization of the reasons that he withdrew his guilty plea is revisionist, contrary to the record, and, thus, patently frivolous. *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (explaining that no evidentiary hearing is required if, in light of the record, the movant's allegations are "palpably incredible or patently frivolous").

Finally, no evidentiary hearing was required, because "the record conclusively shows that [the] trial attorney was not ineffective." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). The district court did not abuse its discretion in not holding an evidentiary hearing on Finze's claims regarding the withdrawal of his guilty plea.

**2.** The central theme of Finze's § 2255 Motion is that replacement counsel gave him incorrect legal advice about and relied on an allegedly untenable defense concerning the intent requirements for the charged offenses. Finze

characterizes replacement counsel's defense strategy as relying on Finze's lack of intent to break the law. The record conclusively shows otherwise.

Replacement counsel did remark in his opening statement at trial that it was never Finze's intent to do anything other than to sell drugs legitimately on the internet. Nevertheless, a fair reading of the record is that replacement counsel's primary strategy was to argue that a co-defendant was responsible for the illegal conduct of the internet pharmaceutical business, not a defense based on Finze's lack of intent. Also, replacement counsel's "intent" defense, as formulated in his closing argument, was not based on Finze's lack of intent to break the law. Rather, replacement counsel asserted that "intent" was required for criminal responsibility, that there are various intents for the crimes charged, "but most importantly the first one, [was] the intent to defraud the United States Government," and that the evidence showed that Finze did not intend to defraud the United States Government. This is a far cry from a defense based on the argument that Finze did not intend to break the law, and constituted a reasonable strategic or tactical approach to Finze's defense. *Strickland*, 466 U.S. at 690-91. Thus, replacement counsel did not perform deficiently in asserting an allegedly untenable "intent" defense, and the lack of deficient performance is dispositive of this claim. *Id.* at 687-88, 697.

9

**3.**    We conclude that none of Finze's other numerous claims of ineffective assistance of counsel warrant relief.  Indeed, all of the challenged conduct falls within the realm of essentially unchallengeable strategic or tactical decisions, after reasonable investigation, which we decline to second guess. *Strickland*, 466 U.S. at 690-91.  We also observe that Finze's command of English—as demonstrated by his participation in various proceedings and his assertions on the record that he did not need an interpreter—was such that replacement counsel did not perform deficiently in failing to seek an interpreter for him.  *See Gonzalez v. United States*, 33 F.3d 1047, 1048 (9th Cir. 1994) (holding that a defendant whose answers were consistently responsive and never indicated to the court that he was experiencing major language difficulties despite the opportunities afforded to him was not entitled to an interpreter under the provisions of the Court Interpreters Act).  Thus, none of these alleged errors, individually or cumulatively, would render the trial so fundamentally unfair as to warrant relief. *See Parle v. Runnels*, 505 F.3d 922, 927-28 (9th Cir. 2007).

**4.**    Finally, Finze asserts that the forfeiture order must be overturned in light of the Supreme Court's recent ruling in *United States v. Santos*, 553 U.S. 507 (2008), which he asserts held that forfeitable proceeds are properly defined as net profits, not gross receipts.  In *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir.

2002), we held that "§ 2255 is available to prisoners claiming the right to be released from custody.  Claims for others types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody."  314 F.3d at 400.  Furthermore,

> [C]ognizable claims in a § 2255 motion do not run interference for non-cognizable claims.  Claims seeking release from custody can be brought under § 2255; claims seeking other relief cannot.  To determine whether a given claim is cognizable under § 2255, we focus on the relief sought in the claim itself, not on relief sought in other claims mentioned elsewhere in the motion.

*Id.* at 402; *see also Mamone v. United States*, 559 F.3d 1209, 1201 (11th Cir. 2009) (following *Thiele* to hold that "the presence of a cognizable claim against [a petitioner's] custodial punishment does not make . . . non-cognizable claims more amenable to our review").   Finze's forfeiture claim is not a cognizable § 2255 claim, because it does not seek release from custody, and his other claims for release from custody "do not run interference" for his non-cognizable forfeiture claim.  *Thiele*, 314 F.3d at 402.

Nevertheless, Finze argues that *United States v. Santos*, 553 U.S. 507 (2008), approved the exercise of jurisdiction under § 2255 to challenge a forfeiture judgment.  Not so.  *Santos* involved a post-conviction challenge to a money-

11

laundering *conviction*, not a challenge to forfeiture. *See* 553 U.S. at 510; *see also*

*United States v. Bush*, 626 F.3d 527, 534 (9th Cir. 2010) ("In post-conviction

habeas proceedings, Santos challenged the propriety of his money-laundering

conviction, claiming his transactions were [mere proceeds, rather than profits].").

Because Finze's forfeiture claim is limited to the constitutionality of his

forfeiture order, and is not a claim for release from custody, *Thiele* squarely blocks

his claim, notwithstanding the decision in *Santos*.

AFFIRMED.