NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1772
_____

LEVI LAPP STOLTZFOOS,
                                        Appellant

v.

SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ATTORNEY GENERAL OF PENNSYLVANIA; DISTRICT ATTORNEY OF
LANCASTER COUNTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-13-cv-06747)
District Judge:  Hon. Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2018

Before:   JORDAN, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: April 30, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Levi Lapp Stoltzfoos was convicted in a Pennsylvania state court of fifty-eight counts of illegally structuring financial transactions to avoid reporting requirements. He has collaterally attacked that conviction in a petition for a writ of habeas corpus, arguing that the Pennsylvania statute under which he was convicted, 18 Pa. Cons. Stat. § 5111(a)(3), is unconstitutionally overbroad on its face and otherwise unconstitutional as applied to him. The District Court denied his petition, and we will affirm.

## I.    Background[1]

Stoltzfoos had accumulated a life savings of roughly $541,100, which he kept in cash at home in a personal safe. He wanted to deposit that money in a bank, but he did not want anything to do with the paperwork associated with federal bank reporting requirements for financial transactions over $10,000.[2] Thus, between January 6, 2006, and February 11, 2006, Stoltzfoos made fifty-eight cash deposits, all of which were $10,000 or less, at ten different banks. Most deposits ranged from $9000 to $9900.

---

[1] This factual background is provided in the light most favorable to Stoltzfoos, as our law requires. *See Roman v. DiGuglielmo*, 675 F.3d 204, 208 (3d Cir. 2012) (stating that, when reviewing a petition for writ of habeas corpus, we must "consider all factual allegations in a light most favorable to the petitioner to determine whether he has stated a cognizable claim for habeas relief").

[2] But for certain exceptions inapplicable here, federal law requires financial institutions to file a report on all cash transactions exceeding $10,000. *See* 31 U.S.C. § 5313(a) (listing reporting requirement for transactions "in an amount, denomination, or amount and denomination, or under circumstances the Secretary prescribes by regulation"); 31 C.F.R. § 1010.311 (setting general reporting threshold at transactions "of more than $10,000").

2

An employee at one of the banks flagged Stoltzfoos's transactions as suspicious, and law enforcement authorities conducted an investigation, obtained and executed search warrants for Stoltzfoos's bank records, and interviewed him. Stoltzfoos admitted that he "knew that when you withdrew $10,000 cash or deposit $10,000 cash, a form has to be filled out." (ECF Doc. No. 1-4 at 92.) He said that he "found this out in [the] fall of 1999 before the new millennium" when he made other deposits and that he "want[ed] no part of [a] government investigation or harassment." (ECF Doc. No. 1-4 at 92.)

The Commonwealth charged Stoltzfoos with fifty-eight counts of dealing in proceeds of unlawful activity, in violation of 18 Pa. Cons. Stat. § 5111(a)(3), which provides that "[a] person commits a felony of the first degree if the person conducts a financial transaction … [t]o avoid a transaction reporting requirement under State or Federal law."[3] Following a jury trial in the Lancaster County Court of Common Pleas,

_____

[3] Section 5111 provides, in relevant part:

Dealing in proceeds of unlawful activities.

(a) Offense defined.--A person commits a felony of the first degree if the person conducts a financial transaction under any of the following circumstances:

> (1) With knowledge that the property involved, including stolen or illegally obtained property, represents the proceeds of unlawful activity, the person acts with the intent to promote the carrying on of the unlawful activity.

> (2) With knowledge that the property involved, including stolen or illegally obtained property, represents the proceeds of unlawful activity and that the transaction is designed in whole or in part to conceal or disguise the nature, location,

3

Stoltzfoos was convicted on all fifty-eight counts. He received a sentence of two to ten years of imprisonment and was assessed a civil penalty of $540,200, nearly the entire amount of the money he had deposited. [4]

---

> source, ownership or control of the proceeds of unlawful activity.
>
> (3) To avoid a transaction reporting requirement under State or Federal law.

18 Pa. Cons. Stat. § 5111.

[4] Section 5111 prescribes, in relevant part, the following penalties and associated enforcement mechanisms:

> (b) Penalty.--Upon conviction of a violation under subsection (a), a person shall be sentenced to a fine of the greater of $100,000 or twice the value of the property involved in the transaction or to imprisonment for not more than 20 years, or both.
>
> (c) Civil penalty.--A person who conducts or attempts to conduct a transaction described in subsection (a) is liable to the Commonwealth for a civil penalty of the greater of:
>
>> (1) the value of the property, funds or monetary instruments involved in the transaction; or
>>
>> (2) $10,000.
>
> (d) Cumulative remedies.--Any proceedings under this section shall be in addition to any other criminal penalties or forfeitures authorized under the State law.
>
> (e) Enforcement.--(1) The Attorney General shall have the power and duty to institute proceedings to recover the civil penalty provided under subsection (c) against any person liable to the Commonwealth for such a penalty.

18 Pa. Cons. Stat. § 5111.

Stoltzfoos appealed his conviction and sentence, as well as the civil penalty, arguing, among other things, that the statute of conviction, 18 Pa. Cons. Stat. § 5111(a)(3), is void for vagueness and overbreadth, and that the civil penalty was a punitive forfeiture in violation of the Eighth Amendment to the United States Constitution. A divided panel of the Superior Court rejected both the vagueness and overbreadth challenges. It also rejected the Eighth Amendment challenge, having decided the civil penalty was directly proportional to the gravity of Stoltzfoos's offense and the amount was half of the maximum fine that the sentencing court could have imposed.

Stoltzfoos then sought relief in the state courts under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9501 *et seq.* He contended that his trial counsel was ineffective for failing to argue that § 5111(a)(3) violates the "single-subject rule" in Article III, § 3 of the Pennsylvania Constitution.[5] The PCRA court concluded that there was no constitutional violation, and denied his petition for relief. The Superior Court affirmed, and the Pennsylvania Supreme Court summarily denied a petition for allowance of appeal.

Stoltzfoos next filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged that § 5111(a)(3) is unconstitutionally overbroad, that his trial counsel was ineffective for failing to challenge the constitutionality of the statute, and

---

[5] The "single-subject rule" refers to a provision of the Pennsylvania Constitution that provides that "[n]o bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." Pa. Const. art. 3, § 3.

that the statute violated Pennsylvania's "single-subject rule." The case was referred to a Magistrate Judge, who recommended dismissing the petition with prejudice because Stoltzfoos's claims lacked merit. The District Court agreed and adopted the Magistrate's report and recommendation, denied the petition for a writ of habeas corpus, and declined to issue a certificate of appealability.

We vacated the Court's order and remanded the case for further consideration, because it appeared that Stoltzfoos had not been given an opportunity to file objections to the Magistrate's report. We expressed "no opinion on the merits" of the petition. (App. at 25.)

On remand, Stoltzfoos was appointed counsel, who filed objections to the report and recommendation. Counsel argued that Stoltzfoos's civil penalty was an excessive fine under the Eighth Amendment to the United States Constitution and that the statute of conviction was both overbroad on its face and unconstitutional as applied to him, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The District Court overruled those objections, and once again adopted the Magistrate Judge's report and recommendation, dismissed the petition, and declined to issue a certificate of appealability.

In its opinion, the Court explained that it was overruling Stoltzfoos's Eighth Amendment objection because he had not included it in the petition for a writ of habeas corpus and, alternatively, because the Pennsylvania Superior Court's analysis of the Eighth Amendment claim was not an objectively unreasonable application of United States Supreme Court precedent. It concluded that Stoltzfoos's overbreadth challenge to

6

§ 5111(a)(3) also failed.  The Court reasoned that the "statute cannot be overbroad because it does not affect constitutionally-protected activity," given that there is no federal right to privacy of banking records.  (App. at 49.)  It said "that the number of valid applications [of the statute] is likely to be significantly higher than 'conceivably impermissible applications,'" and that the State has an interest in enforcing anti-structuring laws that protect against "money laundering, tax evasion, and other related crimes."  (App. at 50-51 (citation omitted).)

Stoltzfoos appealed the District Court's denial of his petition for a writ of habeas corpus.  We granted a certification of appealability under 28 U.S.C. § 2253(c)(1), but only with respect to his facial overbreadth challenge and his as-applied challenge.[6]

## II.    Discussion[7]

We agree with the District Court's thorough analysis and its conclusion that 18 Pa. Cons. Stat. § 5111(a)(3) is not unconstitutionally overbroad on its face or otherwise unconstitutional as applied to Stoltzfoos, and thus that he is not entitled to habeas relief.

---

[6]  The Eighth Amendment argument Stoltzfoos made below is therefore outside the scope of the certificate of appealability.  We do not address that argument and focus solely on his concern that his statute of conviction is unconstitutionally overbroad on its face and otherwise unconstitutional as applied to him.  Although the $540,200 civil penalty imposed on Stoltzfoos – nearly his entire life savings – does appear unusually harsh, our role on habeas review gives us no basis to review it.  *See Ex parte Watkins*, 32 U.S. 568, 574 (1833) ("[T]his court has no appellate jurisdiction to revise the sentences of inferior courts in criminal cases; and cannot, even if the excess of the fine were apparent on the record, reverse the sentence."); *cf. United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (rejecting a claim for habeas relief based on the excessiveness of a restitution fine because it did not challenge confinement).

[7]  The District Court had jurisdiction under 28 U.S.C. § 2254.  We have jurisdiction pursuant to 28 U.S.C. § 2253.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must satisfy three statutory requirements to prevail on a federal habeas petition. First, he must show that he has exhausted the available state court remedies, that the state does not provide corrective process, or that "circumstances exist that render such process ineffective to protect the rights of the" prisoner. 28 U.S.C. § 2254(b)(1). Second, he must establish "that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2254(a). Third, if the state appellate court rules on the merits of his claims, he must also show that his detention is the result of a state court decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d). "When a federal claim has been presented to a state court and the state court has denied relief," irrespective of whether the "state court's decision is [accompanied] by an explanation[,]" we must "presume[] that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-99 (2011).

Stoltzfoos claims that § 5111(a)(3) is unconstitutionally overbroad on its face and as applied to him, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. That claim was exhausted because it was raised and preserved on direct appeal to the Superior Court of Pennsylvania as well as to Pennsylvania's Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (indicating that AEDPA's exhaustion requirements are satisfied when state prisoners "give the state courts one full

8

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Although the Superior Court's decision appeared to rest largely on state law grounds, the precedents it cited applied federal constitutional principles and there was no indication that it was not deciding the merits of both Stoltzfoos's federal and state law overbreadth claims. *See Johnson v. Williams*, 568 U.S. 289, 292-93 (2013) (holding that AEDPA deferential review, rather than *de novo* review, applies to a state court decision that expressly addresses some, but not all, of the issues raised by the criminal defendant). Thus, the state court's decision is entitled to deference unless it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"[8] 28 U.S.C. § 2254(d).

At least that would be our governing standard if Stoltzfoos had raised a cognizable claim, but he has not. The overbreadth doctrine has only been applied in First Amendment cases. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("[W]e have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment."); *Nat'l Fed'n of Fed. Emps. v. Greenberg*, 983 F.2d 286, 295 (D.C. Cir. 1993) ("In First Amendment cases, and in First Amendment cases only, the Supreme Court has struck down laws [as overbroad.]"); *Lutz v. City of York*, 899 F.2d 255, 270-71 (3d Cir. 1990) ("[T]he overbreadth doctrine has never been recognized outside the

---

[8] The District Court analyzed Stoltzfoos's federal overbreadth claim under a *de novo* standard of review. That choice did not prejudice Stoltzfoos because that standard is more favorable to him than the AEDPA standard that would ordinarily apply. Nevertheless, we reach the same result that the District Court did.

9

context of the First Amendment[.]").  Stoltzfoos's overbreadth arguments are misplaced,

because he alleges substantive due process violations rooted in the Fifth and Fourteenth

Amendments, not a First Amendment claim.[9]

Nor does Stoltzfoos's as-applied challenge fare better.  First, although he argues

that his statute of conviction "is unconstitutionally overbroad as applied" to him because

"he did not possess a criminal intent[,]" (Opening Br. at 17), overbreadth claims are

inherently facial; there is no such thing as an as-applied overbreadth claim.  *See Bd. of*

*Trs. of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 482-83 (1989) (explaining "the

difference between an as-applied and an overbreadth challenge," and noting that "the

---

[9]  Stoltzfoos stated in his appellate brief that, "[a]lthough Constitutional overbreadth arguments ordinarily pertain to First Amendment free speech concerns, a challenged statute can be held to sweep excessively so broadly as to be beyond the state's legitimate police powers, or be arbitrary and capricious because it leads to the imposition of punishment bearing little relation to any legitimate governmental interest."  (Opening Br. at 11-12.)  But the cases he cites to support that proposition are inapposite because they either do not involve overbreadth challenges, *see City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) ("While we … conclude that the ordinance is invalid on its face, we do not rely on the overbreadth doctrine."), or they involve First Amendment claims, *see NAACP v. Button*, 371 U.S. 415, 431-38 (1963) (discussing the overbreadth of a statute in light of its impact on First Amendment freedoms, as incorporated to the States through the Fourteenth Amendment).

To the extent Stoltzfoos argues that § 5111(a)(3) is facially invalid because it is missing a *mens rea* element, that argument is outside the scope of our limited review because the certificate of appealability was only granted to address overbreadth challenges.  28 U.S.C. § 2253(c)(3); 3d Cir. L.A.R. 22.1(b); *see also Miller v. Dragovich*, 311 F.3d 574, 577 (3d Cir. 2002) (refusing to address an argument that was outside the scope of the certificate of appealability).  Moreover, that argument lacks merit because Pennsylvania law contains a gap-filling provision that provides, "[w]hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto."  18 Pa. Cons. Stat. § 302(c).

principle advantage of the overbreadth doctrine for a litigant is that it enables him to benefit from the statute's unlawful application *to someone else*").

Next, if we construe his claim as otherwise challenging the constitutionality of the statute as applied to him under the Due Process Clause of the Fourteenth Amendment, the statute is clearly constitutional as applied in his case. Section 5111(a)(3) requires a defendant to know (or that he should have known) of his structuring conduct, and likewise know that reporting requirements exist under federal or state law. If the defendant then knowingly (or recklessly) structures his financial transactions to avoid those reporting requirements, he is guilty. All of those elements were satisfied here because Stoltzfoos acted intentionally and knowingly when he made his fifty-eight cash deposits at ten different banks. He said that he "knew that when you withdrew $10,000 cash or deposit $10,000 cash, a form has to be filled out." (ECF Doc. No. 1-4 at 92.) He simply chose not to comply with the law because, as he later said, he "want[ed] no part of [a] government investigation or harassment." (ECF Doc. No. 1-4 at 92.) That is why he split his deposits into fifty-eight separate transactions, all of which were $10,000 or less.

Despite that, Stoltzfoos relies on *Ratzlaf v. United States*, 510 U.S. 135 (1994), to argue that the statute is unconstitutional because it did not require him to know that it was illegal to structure a financial transaction to avoid reporting requirements. Once again, his argument misses the mark. The statute at issue in *Ratzlaf* contained the phrase "willfully violat[ed]," which led the Supreme Court to conclude that "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 136-37. By contrast, the statute at issue here, § 5111(a)(3), contains no such phrase.

11

In fact, the Court was careful in *Ratzlaf* to point out that its opinion did nothing to "dishonor the venerable principle that ignorance of the law generally is no defense to a criminal charge." *Id.* at 149; *see also Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law … is no defense to criminal prosecution is deeply rooted in the American legal system."). In addition, *Ratzlaf* is of limited relevance because it involved a question of statutory interpretation rather than one of constitutional dimension.[10]

One might question the civil penalty exacted in this case under Pennsylvania's anti-structuring law, but that does not mean the law is unconstitutional. *See Shevlin-Carpenter Co. v. Minnesota*, 218 U.S. 57, 70 (1910) ("[L]egislation may, in particular instances, be harsh, but we can only say again what we have so often said, that this court cannot set aside legislation because it is harsh."). We cannot say on this record that the decisions of the Pennsylvania courts were contrary to, or constituted an unreasonable application of, clearly established Supreme Court precedent.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's decision to deny Stoltzfoos's habeas petition.

---

[10]  The same is true of the other cases Stoltzfoos cites. *See generally Liparota v. United States*, 471 U.S. 419 (1985); *Morissette v. United States*, 342 U.S. 246 (1952).

12