**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-55799 |
| Plaintiff-Appellee, | D.C. Nos. 2:20-cv-03711-CAS |
| v. | 8:14-cr-00173-CAS-1 |
| KEITH PRESTON GARTENLAUB, AKA Keith Preson Gartenlaub, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 2, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Keith Gartenlaub is serving a lifetime term of supervised release after being convicted of knowingly possessing child pornography. We affirmed his conviction on direct appeal. *See United States v. Gartenlaub*, 751 F. App'x 998 (9th Cir. 2018). In 2020, Gartenlaub filed a habeas petition under 28 U.S.C. § 2255.[1] He argues that the previous unavailability of new evidence—the results of an investigation by the Department of Justice Office of the Inspector General ("OIG")—impacted his ability to put on a complete defense and, if available, would have altered his trial strategy. He raises due process and Fourth Amendment challenges. The district court found that his entire petition was barred by the "law of the case" doctrine, and that his Fourth Amendment claims in particular were also barred by *Stone v. Powell*, 428 U.S. 465 (1976). We granted a certificate of appealability as to whether Gartenlaub's § 2255 motion is barred by either the law of the case doctrine or *Stone*.

We have jurisdiction under 28 U.S.C. §§ 2253 and 2255 and review de novo the district court's denial of a § 2255 motion. *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002).

1.     Gartenlaub's claims are barred by the law of the case doctrine. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an

---

[1] Although Gartenlaub has been released from custody, "a habeas petitioner remains in the custody of the United States while on supervised release." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).

issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (internal quotations and citations omitted). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Id.* (cleaned up). "A collateral attack is the same case as the direct appeal proceedings for purposes of the law of the case doctrine." *Id.* at 500 (internal quotations and citation omitted).

There are exceptions. "We may decline to apply the decision of a previous panel of our court as the law of the case if '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'" *Id.* at 502–03 (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (internal quotations omitted)).[2]

---

[2] In the proceedings below, the district court and government relied on a five-exception test from *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Gartenlaub relies on *Alexander* on appeal as well. We later explained in *Gonzalez* that the law of the case doctrine has only three exceptions. 677 F.3d at 389 n.4. An en banc opinion constitutes "authoritative circuit law" which supersedes prior three-judge panel precedents. *See Barapind v. Enomoto*, 400 F.3d 744, 751 n.8 (9th Cir. 2005) (en banc). We then reiterated those three exceptions in *Jingles*, noting "[o]ur en banc court . . . has consistently identified only three exceptions, and has treated the 'manifest injustice' and 'clearly erroneous' inquiries as two parts of the same exception." 702 F.3d at 503 n.3. Therefore, we follow *Gonzalez* and *Jingles* and consider these three exceptions on appeal.

On direct appeal, we found (1) sufficient evidence to sustain Gartenlaub's conviction for knowing possession of child pornography; (2) that the district court did not commit plain error by failing to suppress the evidence from Gartenlaub's computer; (3) that the FISA warrant was supported by probable cause; and (4) after conducting an *in camera* review of the FISA materials, that disclosing those materials to Gartenlaub "was not necessary to make an accurate determination of the legality of the search," and therefore did not violate his due process rights. *Gartenlaub*, 751 F. App'x at 999–1001 (internal quotations and citations omitted). The district court denied his pretrial Fourth Amendment motions as well. Therefore, Gartenlaub's habeas claims were decided explicitly by the district court and on direct appeal and are barred by the law of the case doctrine. *Jingles*, 702 F.3d at 499.

None of the doctrine's exceptions apply either. Gartenlaub argues that an investigation and subsequent report by OIG concerning inaccuracies in the Foreign Intelligence Surveillance Act ("FISA") warrant process constitutes "substantially different evidence." *See id.* at 503. But OIG's investigation examined FISA applications and warrants issued after Gartenlaub's.[3] Also, OIG reported that although its investigation located errors, none "undermined or otherwise

---

[3] The OIG investigation looked at FISA applications between October 2014 and September 2019. Gartenlaub's application was made in January 2014.

4

impacted . . . probable cause determinations." On direct appeal, we reviewed Gartenlaub's FISA materials and found no issue; the OIG's findings would not change that assessment. And, on Gartenlaub's request, OIG considered whether to open an investigation into his file and decided not to do so. OIG's findings provide no new evidence relating to Gartenlaub's case, let alone "substantially different evidence." *Jingles*, 702 F.3d at 503.

The other two exceptions also do not apply. Gartenlaub briefly mentions the first exception, that "the decision is clearly erroneous and its enforcement would work a manifest injustice," *Jingles*, 702 F.3d at 503, but he does not explain how the decision by the district court (or this court on direct appeal) was "clearly erroneous." Finding as much would require us to speculate that an OIG investigation that looked at unrelated FISA applications, and found no significant issues therein, "clearly" shows that *his* application was faulty. Lastly, there is no intervening authority that requires reconsideration here. *See id.* The law of the case bars Gartenlaub's petition entirely.[4]

2.  Gartenlaub's uncertified issues are meritless. Our certificate of appealability limited review to the law of the case and *Stone* issues. We can expand

---

[4] Because the law of the case doctrine bars Gartenlaub's petition entirely, we do not address whether *Stone v. Powell* also bars his Fourth Amendment claims.

a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013) (quoting 28 U.S.C. § 2253(c)(2)); *see Phelps v. Alameda*, 366 F.3d 722, 727–28 (9th Cir. 2004). "This means only that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Maciel*, 731 F.3d at 932 (internal quotations and citations omitted).

Gartenlaub has made no substantial showing that a lifetime term of supervised release violates his Eighth Amendment protections, and we have found lifetime terms of supervised release valid in child pornography possession cases. *See United States v. Daniels*, 541 F.3d 915, 929 (9th Cir. 2008); *United States v. Apodaca*, 641 F.3d 1077, 1082–84 (9th Cir. 2011).

**AFFIRMED.**